PER CURIAM.
Clay Hamm (Hamm), appeals and Royal Caribbean Cruises, Ltd. (RCCL), cross-appeals from the lower court’s final judgment.
On June 26, 1996, Hamm filed a complaint against RCCL, raising claims of Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and failure to treat. The case proceeded to a jury trial. The jury returned a verdict in favor of RCCL on the negligence and unseaworthiness counts, but found in *718 favor of Hamm on the remaining counts and awarded him $12,500 in past sick wages and $175,000 for the failure to provide prompt or adequate medical care. On November 2, 1998, the lower court entered a final judgment upon the jury’s verdict for $187,500. On November 6, 1998, Hamm’s counsel moved for a new trial on Jones Act negligence and unseaworthiness. On November 9, 1998, RCCL moved for a new trial arguing, in pertinent part, that the trial court erred in allowing Hamm’s counsel to comment in closing on the failure to call Drs. Kalian and Nadler. That motion was denied.
Hamm filed a pro se notice of appeal and RCCL filed a notice of cross-appeal.
Under a cover sheet entitled “Appellant’s brief,” Hamm files what are essentially a complaint and demand for jury trial with claims regarding RCCL’s negligence, medical malpractice and discrimination, and allegations regarding Hamm’s disabilities and injuries. At no time does he claim or argue errors committed by the lower court which would render the jury’s verdict or the final judgment reversible. At oral argument, Hamm further expressed his dissatisfaction with the amount of the jury award and the services of his trial attorney.
Having thoroughly reviewed the record before us, we find no error which would require reversal of the final judgment entered by the trial court.
At oral argument, RCCL stated that if this Court affirmed the final judgment it would abandon its cross-appeal. Accordingly, in light of this Court’s decision on the main appeal, the cross-appeal is moot.
Affirmed.